**INDUSTRIAL ELECTRIC CO., Plaintiff-Appellant, v. MEYERS,. etc., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21073, 21082. Decided February 7, 1949.

Paul Mancino, Edward N. Koppelman, Cleveland, for plaintiff-appellant.

Rocker & Schwartz, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

These appeals on questions of law from the Municipal Court of Cleveland present a most unusual situation.

The plaintiff filed two actions against the defendant in the short form on account for labor and materials furnished for a balance due in the sum of $4157.87 in one case, and the other for a balance due in the sum of $397.24, the accounts being attached to the petitions.

The actions were commenced on March 4, 1947 and thereafter the parties entered into an arbitration agreement under

date of July 16, 1947. On September 15, 1947, the arbitrators, made the following finding:

"After due consideration, checking all electrical work and: material, and considering all phases, performed by the Industrial Electric Company, at the Hickory Grill, in our estimation this work, other than estimate called for by the Tel. Const. Co. is worth $4356.00.

In addition, we recommend that on this bid of the Tel. Const. Co., that at least ten percent be added to that phase· of the work to make up for any unforeseen difficulties that. may have arrived during installation of this part of the work.

Signed: Sanford Kuhn<br>Louis Warren."

After the arbitrators had made their award, the defendants filed an answer on September 22, 1947, and thereafter the court proceeded to hear the cases and modified and amended the award by entering judgment for the plaintiff in the sum of $729.40 in case No. A89161 and $397.24 in case No. A89162; contrary to the awards. Thereafter the plaintiff submitted interrogatories to the court which were answered in the following manner:

"1. Was the work and material furnished by the plaintiff" done on a work and material basis?

This matter was not before the Court.

2. Are the invoices and exhibits attached to plaintiff's petition for work and materials furnished proper and are the· charges reasonable?

This matter was not determined by the court.

3. Was any portion of the work and materials furnished by the plaintiff for the defendant done under a specific contract for a specified amount? If so, what work and materials was to be performed and for what price?

This matter was not determined by the Court.

4. Was the arbitration agreement an agreement to arbitrate· or an agreement for appraisal for work and materials furnished by the plaintiff?

The arbitration agreement was an agreement to arbitrate..

5. Is the finding of the arbitrators of Sept. 15, 1947 a complete finding deciding all the issues between the parties herein?

Yes.

6. Was the finding of the arbitrators of Sept. 15, 1947 made· within the time provided by the arbitration agreement?

Yes.

7. What were the duties to be performed by the arbitrators under the arbitration agreement?

To arrive at a fair and reasonable charge for the material and labor furnished.

8. What disputes, if any, were submitted to the arbitrators for their determination?

The dispute as to the reasonable value of the material and labor.

9. Did the arbitrators consider and determine all the disputes between the parties herein?

Yes."

The assignments of error are as follows:

"1. That the court erred in finding that the award of the arbitrators was full and complete.

2. That the court erred in refusing to set aside the arbitrator's award.

3. That the judgment rendered by the court is contrary to law and the evidence.

4. That the judgment awarded by the court is contrary to the weight of the evidence.

5. That the award made by the arbitrators is incomplete and void.

6. That the arbitrators were guilty of misconduct in failing to find the reasonable value of the work done by the plaintiff in accordance with invoices and statements attached to the petitions in both these activities.

7. That the arbitrators failed and refused to consider the issues in this action in that it failed and refused to determine whether or not any part of the work was done on a work and material basis, or if any part of the work was done on a flat contract basis.

8. That the arbitrators failed and refused to consider and decide all the issues between the parties herein and therefore said arbitrators' award is void."

In our opinion the court erred in the first instance in modifying or otherwise changing the report of the arbitrators. Arbitration is generally considered as a substitute for the judgment of established tribunals of justice. In this case, the arbitration was not under the statute but was what is commonly known as "common law" arbitration.

"Arbitration is a mode of settling differences through the investigation and determination by one or more official persons selected as a domestic tribunal for the purpose of some

disputed matters submitted to them by the contending parties for decision and award, **in lieu of a proceeding for a judgment in an established tribunal of justice. Its object is speedily to determine disputes and controversies by quasi judicial means, thus avoiding the formalities, the delay, the expense and the vacation of ordinary litigation."**

3 American Jurisprudence, Arbitration Award. Sec. 2, page 830. (Emphasis ours.)

See also: **3 O. Jur., parag. 2, p. 57,** to the same effect.

As we view it, it was the duty of the court in the instant case either to accept the arbitration and award in toto or to reject it in toto, the court being without jurisdiction to change or modify it.

We come now to a consideration of the award of the arbitrators. The award was based upon an agreement as follows:

"WHEREAS, the party of the first part furnished labor and materials for certain electrical installations at the place of business of the party of the second part located at 929 Chester Avenue, Cleveland, and

WHEREAS, a controversy has arisen between the parties regarding the propriety and reasonableness of the charges made by the party of the first part for said work and labor and materials; and

WHEREAS, the party of the first part has filed two actions in the Municipal Court of Cleveland against the party of the second part, being Nos. A89161 and A89162 on the docket of said court; and

WHEREAS, **the parties hereto desire to avoid litigation and to submit their differences to arbitration;**

It is therefore agreed that said controversy and all matters related thereto and all manner of claims arising therefrom shall be submitted to two disinterested arbitrators each of the parties hereto to select one such arbitrator." (Emphasis ours.)

We are of the opinion that the award of the arbitrators on its face, when considered in relation to the agreement, is incomplete, uncertain and indefinite and for these reasons it cannot be sustained.

In **3 O. Jur., 94, parag. 38,** we find the following:

"The certainty of an award is one of its indispensable and essential properties; if lacking in this requisite it cannot be sustained. It must be complete and definite. It must leave

open no loop-hole for future disputes and litigation. It should, as a general rule, leave nothing to be performed but the mere ministerial acts needed to carry it into effect. It should be certain as a judgment of a court. The object of arbitration is to prevent future disputes and this object can hardly be said to be carried into effect when, in defining rights of the parties, terms are used which might require another lawsuit to fix their meaning. Accordingly if the award is vague and uncertain it will not be enforced."

In the instant case a casual perusal of the award shows its uncertainty, indefiniteness and incompleteness. The award was so uncertain that the trial court felt impelled, although erroneously, to change and modify it. In this connection it is well to note the statement of the supreme court in the case of **Thomas v. Molier, 3 Oh St 266,** as follows:

"The object of arbitration, it to put an end to litigation, by ascertaining the right of parties, and for this purpose the award must be so explicit and descriptive that the rights and duties of each party are no longer a matter of doubt and dispute."

That there was doubt and dispute in these cases is evidenced by the filing of an answer after the award was made by the arbitrators and the action of the court in modifying it.

Furthermore, the answers of the court to the interrogatories submitted further emphasize the uncertainty and indefiniteness of the award and the peculiar position in which the trial court found itself when attempting to pass upon the same.

It is claimed by the appellee that the duty of the arbitrators was to determine only the reasonable value of the work and labor performed and then that the appellees were entitled to a crdit for all sums previously paid. This proposition does not appear either in the agreement for the arbitration nor does it appear in the award of the arbitrators.

We also find credible evidence in the record that the arbitrators declined to consider evidence proffered by the plaintiff's agent. Certainly the agent of plaintiff should have been allowed an opportunity to present the claims of the plaintiff in full. According to the record this was not done. Consequently we can only conclude that the arbitrators did not discharge their duties fairly and impartially by hearing all matters of competent evidence presented to them.

On the whole case, it is our view for the reasons stated, that the judgment in each case should be reversed for errors of

law as indicated herein and as being manifestly against the weight of the evidence; that the award of the arbitrators be set aside and the causes remanded for a new trial on the issues presented by the pleadings.

A journal entry may be drawn accordingly. Exc.

HURD, PJ, MORGAN, J, SKEEL, J, concur.